IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN GARCIA,

        Plaintiff,

        vs.                                    No. CIV. S-11-2552 KJM GGH PS

UNITED AUBURN INDIAN
COMMUNITY, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged."  Id.
19  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
24  The complaint alleges that defendants United Auburn Indian Community, Station
25  Casinos, Inc., Analytical Environmental Services ("AES"), and Wildlands, Inc. engaged in
26  "retaliatory, wrongful firing of Plaintiff on July 5, 2009, in order to protect themselves from

discovery and prosecution of widespread violations of State and Federal animal cruelty statutes as well as the Migratory Bird Treaty Act." (Compl. at 1.) Plaintiff's second claim concerns defendants' "cruel and negligent treatment of a federally protected species," the Cliff Swallows. (Id. at 2-3.) Plaintiff does not state what AES and Thunder Valley have done to violate the MBTA, other than to assert his objection to their "management" of the swallows. (Id. at 3.)

In regard to the MBTA claim, this Act is primarily a criminal statute and does not authorize a private right of action. Turtle Island Restoration Network v. U.S. Dept. of Commerce, 438 F.3d 937, 942 (9th Cir. 2006); City of Sausalito v. O'Neill, 386 F.3d 1186,1203 (9th Cir. 2004). Although the MBTA may be enforced under the Administrative Procedure Act, the only proper defendant under that Act is an agency of the United States. Id.; 5 U.S.C. § 701(b)(1). As plaintiff has not named any agency of the United States as a defendant, this claim must be dismissed.

Plaintiff concedes that the "MBTA is only enforceable through the Department of the Interior," but seems to request that the court resolve the matter anyway. To the extent that the complaint can be construed to seek an investigation into the mishandling of Cliff Swallows, such a remedy is not available in this forum. See White v. City of Toledo, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002) (internal citation and quotation marks omitted) (noting that "the law is also clear that there is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime").

In regard to the claim of wrongful termination, the complaint alleges that all four defendants participated in this retaliatory conduct. It appears that plaintiff was employed by Thunder Valley Casinos because the complaint alleges: "I was told, by a human resources representative at Thunder Valley Casino, that I had no recourse with the retaliatory termination 'because we can fire who (sic) we want.'" (Compl. at 1.) "[T]he settled law of our circuit is that tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 725 (9th Cir.2008). A tribe

only waives its sovereign immunity when it expressly and clearly states such intent.  See C. & L. Enterprises. Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418 (2001).  Tribal immunity may also be abrogated by Congress, but that purpose must be "unequivocally" expressed.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).  In order for plaintiff to proceed in federal court, his wrongful termination must be brought under Title VII of the Civil Rights Act.  Congress has clearly stated, however, that this Act has no application to federally recognized Indian Tribes.  See Dawavendewa v. Salt River Project Agr. Imp. and Power District, 276 F.3d 1150, 1159 (9th Cir.2002).  Because both the Tribe and Congress have not waived the Tribe's immunity from suit, plaintiff is barred as a matter of law from proceeding with this action against the Tribe or the Casino.

Plaintiff has not described defendants AES or Wildlands, Inc., and therefore the undersigned can not determine whether these companies acted as arms of the Tribe.  Furthermore, if they did not employ plaintiff, he must allege some other theory against them.  The conclusory allegation that they engaged in defamatory and intimidating practices against plaintiff does not state a claim.  If plaintiff seeks to state a claim for defamation, it will most likely be dismissed because it is a state law claim.  There being no other independent basis for federal subject matter jurisdiction, it will be dismissed.  This is because a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

4

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For the aforementioned reasons, the complaint must be dismissed. Plaintiff will be given the opportunity to file an amended complaint that states a federal claim. If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint should contain facts which lead to the ultimate conclusion that a specific law has been violated, by whom, and when.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////
////
////
////

IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: December 19, 2011

                                  /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:076/Garcia2552.amd.wpd