1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BRIAN GARCIA,

11              Plaintiff,

12        vs.                                No. CIV. S-11-2552 KJM GGH PS

13    UNITED AUBURN INDIAN
      COMMUNITY, et al.,
14

15              Defendants.              FINDINGS AND RECOMMENDATIONS

16    _____/

17            Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28

18    U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to

19    28 U.S.C. § 636(b)(1).  After having previously informed plaintiff of the deficiencies in his

20    complaint, the court has now reviewed the amended complaint.

21            The determination that plaintiff may proceed in forma pauperis does not complete

22    the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23    at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

24    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25    an immune defendant.

26    \\\\\

                                            1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17  the court to draw the reasonable inference that the defendant is liable for the misconduct

18  alleged."  Id.

19    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24    In the previous order, the undersigned advised plaintiff that most of his claims

25  would have to be dismissed and provided authority in support.  Plaintiff was permitted to amend,

26  but he has continued to allege claims for which there is either no private right of action, which

1    are barred by tribal immunity, or which allege state law claims only.

2            The amended complaint alleges that defendants United Auburn Indian

3    Community, Station Casinos, Inc., Analytical Environmental Services ("AES"), and Wildlands,

4    Inc. engaged in "defamatory and intimidating practices against Plaintiff from June of 2006

5    through June of 2009 culminating in the retaliatory, wrongful firing of Plaintiff on July 5, 2009,

6    in order to protect themselves from discovery and prosecution of widespread violations of State

7    and Federal animal cruelty statutes as well as the Migratory Bird Treaty Act."  (Compl. at 1.)

8    Plaintiff's second claim concerns defendants' "cruel and negligent treatment of a federally

9    protected species," the Cliff Swallows.  (Id. at 2-3.)  Plaintiff has now, in his amended complaint,

10   described defendants' actions concerning the swallows in much detail; however, his action must

11   be dismissed for the same reasons stated in response to the complaint, which are repeated here.

12           In regard to the MBTA claim, this Act is primarily a criminal statute and does not

13   authorize a private right of action.  Turtle Island Restoration Network v. U.S. Dept. of

14   Commerce, 438 F.3d 937, 942 (9th Cir. 2006); City of Sausalito v. O'Neill, 386 F.3d 1186,1203

15   (9th Cir. 2004).  Although the MBTA may be enforced under the Administrative Procedure Act,

16   the only proper defendant under that Act is an agency of the United States.  Id.; 5 U.S.C. §

17   701(b)(1).  As plaintiff has not named any agency of the United States as a defendant, this claim

18   must be dismissed.

19           Plaintiff concedes that the "MBTA is only enforceable through the Department of

20   the Interior," but seems to request that the court resolve the matter anyway.  To the extent that the

21   complaint can be construed to seek an investigation into the mishandling of Cliff Swallows, such

22   a remedy is not available in this forum.  See White v. City of Toledo, 217 F.Supp.2d 838, 841

23   (N.D. Ohio 2002) (internal citation and quotation marks omitted) (noting that "the law is also

24   clear that there is no constitutional, statutory, or common law right that a private citizen has to

25   require a public official to investigate or prosecute a crime").

26   \\\\\

1            In regard to the claim of wrongful termination, the complaint alleges that all four

2    defendants participated in this retaliatory conduct.  It appears that plaintiff was employed by

3    Thunder Valley Casinos because the amended complaint alleges: "I was also told, by a human

4    resources representative at Thunder Valley Casino, that I had no recourse with the retaliatory

5    termination 'because we can fire who (sic) we want.'" (Compl. at 1.)  "[T]he settled law of our

6    circuit is that tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity

7    granted to a tribe itself."  Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 725 (9th Cir.

8    2008).  A tribe only waives its sovereign immunity when it expressly and clearly states such

9    intent.  See C. & L. Enterprises. Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532

10   U.S. 411, 418 (2001).  Tribal immunity may also be abrogated by Congress, but that purpose

11   must be "unequivocally" expressed.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).

12   In order for plaintiff to proceed in federal court, his wrongful termination must be brought under

13   Title VII of the Civil Rights Act.  Congress has clearly stated, however, that this Act has no

14   application to federally recognized Indian Tribes.  See Dawavendewa v. Salt River Project Agr.

15   Imp. and Power District, 276 F.3d 1150, 1159 (9th Cir.2002).  Because both the Tribe and

16   Congress have not waived the Tribe's immunity from suit, plaintiff is barred as a matter of law

17   from proceeding with this action against the Tribe or the Casino.

18            The original complaint did not describe defendants AES or Wildlands, Inc., and

19   the court could not previously determine whether these companies acted as arms of the Tribe.  It

20   is now apparent from the amended complaint that AES is an environmental company that may

21   have been hired by Thunder Valley Casino to maintain the bird sanctuary on the casino property.

22   (FAC, dkt. no. 7-1 at 24.)  Wildlands, Inc. is a company that plaintiff apparently contacted

23   regarding "using the deeded property adjacent to the casino for an alternative nesting site for the

24   Thunder Valley swallows."  (Id., dkt. no. 7 at 12.)  Therefore, as these two companies did not

25   employ plaintiff, he must allege some other theory against them, and on amendment he has failed

26   to do so.  The conclusory allegation that they engaged in defamatory and intimidating practices

4

1  against plaintiff, and that they were in a "collusive process" does not state a claim.  To the extent

2  that plaintiff seeks to state a claim for defamation, it will be dismissed because it is a state law

3  claim.  There being no other independent basis for federal subject matter jurisdiction, this action

4  should be dismissed.  This is because a federal court is a court of limited jurisdiction, and may

5  adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v.

6  Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1

7  provides that the judicial power of the United States is vested in the Supreme Court, "and in such

8  inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore

9  confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See

10  Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject

11  matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust

12  v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

13        The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

14  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

15  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

16  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

17  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

18  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

19  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

20  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

21        Accordingly, IT IS RECOMMENDED that this action be dismissed.

22        These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

24  fourteen (14) days after being served with these findings and recommendations, any party may

25  file written objections with the court and serve a copy on all parties.  Such a document should be

26  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

5

1  objections shall be served and filed within seven (7) days after service of the objections.  The

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: June 20, 2012

5

6                                              /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

7  GGH:076/Garcia2552.fr.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26